FILED

2008 Aug-14  PM 04:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **JOHN HILLIAR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **PORTFOLIO RECOVERY** | ) | |
| **ASSOCIATES, LLC;** | ) | |
| **TRANS UNION, LLC;** | ) | |
| **EQUIFAX INFORMATION** | ) | |
| **SERVICES, INC. ; EXPERIAN** | ) | |
| **INFORMATION SOLUTIONS,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants states as follows:

### Jurisdiction & Venue

1.    This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"] and the Fair Debt Practices Act[1]  (15 U.S.C. § 1692 et seq.

---

[1] Any reference the FDCPA or FCRA or any part thereof encompasses all relevant parts and subparts thereto.

[hereinafter "FDCPA"]).  Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331.

2.  This action is also brought under Alabama state law.  These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

3.  The state law claims are also properly before this court based upon supplemental jurisdiction under 28 U.S.C. Section 1367 as the state law claims form part of the same case or controversy as the federal claims as they are based upon substantially similar and overlapping facts.

4.  Venue is proper in this Court under 28 U.S.C. Section 1391(b) as the events took place in this Judicial District and the Defendants reside in this Judicial District as all Defendants are subject to personal jurisdiction in this Judicial District.

**Parties**

5.  The Plaintiff, John Hilliar ("Plaintiff"), is a natural person who resides within this Judicial District.

6.  Defendant Portfolio Recovery Associates, LLC ("Defendant" or "Portfolio") is a foreign company that engages in the business of

collecting on consumer debts (i.e. a debt collector under the FDCPA) and it does business in this Judicial District.  Its principal place of business is the Virginia and it is incorporated in Delaware.

7.      Defendant Trans Union, LLC ("Defendant" or "Trans Union") is a foreign company (incorporated in Delaware) that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.  Its principal place of business is the State of Illinois and it is incorporated in Delaware.

8.      Defendant Equifax Information Services, LLC ("Defendant" or "Equifax") is a foreign company (incorporated in Georgia) that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.  Its principal place of business is the State of Georgia and it is incorporated in Georgia.

9.      Defendant Experian Information Solutions, Inc. ("Defendant" or "Experian") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.  Its principal place of business is the State of California and it is incorporated in Ohio.

**<u>Factual Allegations</u>**

10.   In February 2008, Defendant Portfolio sued Plaintiff in the District Court of Morgan County, Alabama, with a case number of DV-2008-000148.

11.   In this suit, Defendant Portfolio asserted it was the owner of a certain debt allegedly owed by Plaintiff and asserted it was owed $8,999.97.

12.   Plaintiff filed an Answer denying the allegations of Defendant Portfolio.

13.   The state court set the case for trial.  Notice was sent to Defendant Portfolio and Plaintiff Hilliar.

14.   At all times Plaintiff Hilliar was prepared for trial.

15.   The case resulted in a bench verdict in favor of Plaintiff Hilliar.  See Exhibit "A".

16.   Defendant Portfolio knew it had lost the case as its lawyer was told by the court Portfolio lost.

17.   Defendant Portfolio is not the owner of this alleged debt.

18.   Defendant Portfolio reported and has continued to report to the credit reporting agencies that Plaintiff owed this money and was in default.

19.   Plaintiff did not and does not owe this money to Defendant Portfolio.

20.    The debt being collected is a consumer debt as defined by the FDCPA.

21.    Plaintiff is a "consumer" as defined by the FDCPA and FCRA.

22.    Defendant Portfolio is a "debt collector" as defined by the FDCPA.

23.    After the victory at trial, Plaintiff Hilliar sent a letter to Defendants Trans Union, Equifax, and Experian, requesting an investigation of the Defendant Portfolio's account that still appeared on Plaintiff's credit report.

24.    Plaintiff requested that the Defendant Portfolio's account be deleted, as Plaintiff did not owe it, per the court's judgment in favor of Plaintiff.

25.    No Defendant was concerned or cared about what the state court did in the case as no Defendant intended to perform a reasonable investigation.

26.    No Defendant performed any type of reasonable investigation.

27.    Defendants Trans Union, Equifax, and Experian notified Defendant Portfolio in accordance with the FCRA of the dispute by the Plaintiff and sent a copy of the dispute letter as requested by Plaintiff.

28.    Alternatively, Defendants Trans Union, Equifax and Experian did not properly notify Defendant Portfolio and, as a part of this failure, did

not include all relevant information provided by Plaintiff in their notification of Defendant Portfolio. This includes notification that the state court entered a verdict in favor of Plaintiff.

29.   All Defendants failed to properly investigate these disputes as if Defendants had properly investigated, the Portfolio account would have been deleted.

30.   On July 12, 2008, Defendant Trans Union issued its results of investigation, which shows the Defendant Portfolio's account as "verified" with a balance and that it is an account disputed by consumer.

31.   On July 22, 2008, Defendant Equifax issued its results of investigation, which shows the Defendant Portfolio's account with a balance and that it is a collection account. It is possible Defendant Equifax did not even investigate the Defendant Portfolio's account as requested but in any event Defendant Equifax shows the Defendant Portfolio as having a balance owed.

32.   On July 23, 2008, Defendant Experian issued its results of investigation, which shows the Defendant Portfolio's account as "verified" with a balance and that it is an account disputed by consumer.

33.  All Defendants were provided with more than sufficient information in the disputes and in their own internal sources of information (which includes the knowledge of Defendant Portfolio through its state court trial counsel that the case was a defeat for Defendant Portfolio) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

34.  The Defendants Trans Union, Equifax, and Experian have previously proclaimed that they are obligated to rely upon whatever the public records state about a consumer.

35.  For example, had Plaintiff Hilliar lost the suit and a judgment was entered in favor of Defendant Portfolio, and Plaintiff disputed with the CRAs, Plaintiff would have been told by Defendants Trans Union, Equifax, and Experian that it was bound by the state court judgment which says Plaintiff owes the money.

36.  These same Defendants Trans Union, Equifax, and Experian, however, refused to rely upon what the state court judge actually said – verdict for Plaintiff Hilliar.

37.  The verdict in favor of Plaintiff Hilliar means he does not owe the money claimed by Defendant Portfolio.

38.  The state court ruling was a final judgment.

39.     This final judgment was not appealed.

40.     There is no avenue for appeal for Defendant Portfolio of this judgment as the time to appeal has long since passed.

41.     Despite this knowledge, Defendants Trans Union, Equifax, and Experian have completely abdicated their obligations under federal and state law and have instead chosen to merely "parrot" whatever their customer, Defendant Portfolio, has told them to say.

42.     Defendants Trans Union, Equifax, and Experian have a policy to favor the paying customer, in this situation Defendant Portfolio, rather than what the consumer or the state court says about a debt.

43.     The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to Defendants Trans Union, Equifax, and Experian.

44.     The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

45.     Defendant Portfolio has a policy and procedure to refuse to properly update credit reports of consumers, like Plaintiff, who do not owe the

alleged debt.  The reason is to keep false information on the credit report.  The false information consists of a balance shown as owed when Defendant Portfolio knows no balance is owed.

46.     Defendant Portfolio has promised through its subscriber agreements or contracts to accurately update accounts but Defendant Portfolio has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

47.     Defendant Portfolio assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

48.     Defendant Portfolio has a policy to "park" its accounts on at least one of the consumer's credit report.  This is a term in the industry for keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's

credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

49.    In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and the balance.

50.    All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to pay on an account she does not owe.

51.    All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation on Plaintiff's disputes, which led as a direct result and consequence to all of the Defendants either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

52.    At all relevant times the Defendants Trans Union, Equifax, and Experian failed to maintain and failed to follow reasonable procedures

to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b) and state law.

53. Defendant Portfolio failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

54. Defendant Portfolio has taken aggressive actions in a continued effort to collect the alleged debt against Plaintiff. These actions include the continued reporting of the debt to third parties (even after losing the state court trial), including consumer-reporting agencies such as Trans Union, Equifax, and Experian, that Plaintiff owed the debt, that Plaintiff defaulted, and that the account was in collections with a balance owed.

55. The Defendants Trans Union, Equifax, and Experian have failed to maintain Plaintiff's accounts with maximum accuracy and all Defendants have failed to properly investigate the accounts in response to the disputes made by Plaintiff.

11

56.    The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

57.    It is a practice of all of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA (Defendant Portfolio), FCRA (all Defendants) and state law (all Defendants).

58.    For example, Defendants Trans Union, Equifax, and Experian have been sued multiple times in this district over the past 24 months for this identical misconduct.  Defendant Equifax has a judgment against it in this district for this identical misconduct.

59.    All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

60.    All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known

that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

61.   All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

### FIRST CLAIM FOR RELIEF
### Violations of the Fair Debt Collection Practices Act

62.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

63.   Defendant Portfolio violated the FDCPA in numerous ways, including, but not limited to the following:

a.   Falsely reporting the debt on Plaintiff's credit reports with at least Trans Union, Equifax, and Experian when Plaintiff does not owe the money;

b.   Suing the Plaintiff when there was no basis to do so;

c.   Continuing to assert the suit in state court when Defendant Portfolio knew, or should have known, there was no basis for doing so; and

d.      Engaging in collection activities on a debt that Plaintiff does not owe and that Defendant Portfolio is not entitled to collect upon.

64.    Because of the violations of the FDCPA, the Defendant Portfolio is liable to the Plaintiff for declaratory judgment that its conduct violated the FDCPA, and a judgment for Plaintiff's actual damages, statutory damages, costs, expenses, and attorneys' fees.

## SECOND CLAIM FOR RELIEF
### Violating the Fair Credit Reporting Act

65.    All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

66.    Defendants Trans Union, Equifax, and Experian are "consumer reporting agencies," as codified at 15 U.S.C. § 1681a(e).

67.    Defendant Portfolio is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

68.    Plaintiff notified Defendants Trans Union, Equifax, and Experian x directly of a dispute on the Defendant Portfolio account's completeness and/or accuracy, as reported.

14

69.   The credit reporting agencies failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

70.   Plaintiff alleges that at all relevant times Defendants Trans Union, Equifax, and Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of her credit report, concerning the accounts in question, violating 15 U.S.C. § 1681e(b).

71.   Plaintiff alleges that all Defendants failed to conduct a proper and lawful reinvestigation.  For example, Defendants were given notice that the suit was tried with the Plaintiff winning the case, but Defendants apparently failed to review the court file or contact the court or contact counsel for Defendant Portfolio.  Other examples will become apparent once discovery is commenced.

72.   All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law.

73.   All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

### THIRD CLAIM FOR RELIEF
### State Law Claims

74.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

75.   All Defendants intentionally published false and defamatory information related to the Defendant Portfolio's account.

76.   Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.   This includes the initial reporting of Defendant Portfolio's account; the handling of any investigations on the accounts; and all other aspects as set forth in this Complaint.

77.   Defendants assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and account.

78.   Defendants violated all of the duties the Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

79.   It was foreseeable, and Defendants did in fact foresee it, that refusing to properly update and investigate would cause the exact type of harm suffered by the Plaintiff.

80. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint. This includes the initial reporting of Defendants' accounts; the intentional refusal to properly update the accounts; and all other aspects as set forth in this Complaint.

81. Defendants invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations.

82. The Defendants acted with intentional, reckless, or wanton conduct in attempting to collect this debt (Defendant Portfolio) and reporting this false information (all Defendants).

83. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint and such conduct occurred before, during and after the disputes to the CRAs.

84. As a result of this conduct, action, and inaction of all Defendants, Plaintiff has suffered damage as set forth in this Complaint.

## RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A.     An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

B.     Plaintiff also requests all further relief to which Plaintiff is entitled under Federal or State law, whether of a legal or equitable nature.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts ASB-5819-T82J**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, PC
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve defendants via certified mail at the following addresses:**

Portfolio Recovery Associates LLC
c/o Judith Sugg Scott
General Counsel
120 Corporate Blvd, Ste 100
Norfolk, VA 23502

Trans Union, LLC
Prentice-Hall Corporation System Inc
150 S. Perry St.
Montgomery, AL  36104

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

# EXHIBIT

## "A"

DV 2008 000148.00

AVSO351

JUDGE: DAVID J. BRELAND

ALABAMA JUDICIAL DATA CENTER
CASE ACTION SUMMARY
DISTRICT CIVIL

IN THE DISTRICT COURT OF    MORGAN        COUNTY
Portfolio Recovery Associates VS JOHN M HILLIAR    TYPE TRIAL: NON-JURY   TRACK:
FILED:  02/15/2008 TYPE: ACCOUNT COLLECTION

*********************************************************************
DATE1:              CA:              CA DATE:
DATE2:              AMT:      $8,999.97 PAYMENT:
DATE3:
*********************************************************************
PLAINTIFF   001: PORTFOLIO RECOVERY ASSOCIATES
                                    ATTORNEY: NATHAN JOHN H
                                    NAT004    P O BOX 1715

            AL  00000-0000                    BIRMINGHAM,  AL  35201
            PHONE: (256)000-0000                       (205)323-5400
ENTERED:  02/15/2008 ISSUED:            TYPE:
SERVED:              ANSWERED:            JUDGEMENT:
---------------------------------------------------------------------
DEFENDANT  001: HILLIAR JOHN M
            2422 GASLIGHT PL SW APT 8  ATTORNEY: *** PRO SE **

            DECATUR, AL  35603-2048
            PHONE: (256)000-0000
ENTERED:  02/15/2008 ISSUED:  02/15/2008 TYPE:    SHERIFF
SERVED:              ANSWERED:            JUDGEMENT:

4.3.08  Boad Parties appay through
Cal II Stipulates to payment
at trial per D.
                    Judy State Cost
                              of Logan

                        **Filed in Office**

                        APR 0 3 2008

                        JOHN PAT ORR
                            CLERK

CHP   02/15/2008                          DV 2008 000148.00